■ JOSHUA A. MUSS et al., as Trustees, Respondents, and HERBERT SILBERMAN et al., as Receivers, Respondents, v BERNARD BERGMAN et al., Doing Business as PARK CRESCENT NURSING HOME, et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered July 7, 1976, granting the temporary receivers' motion for an order holding defendant Bernard Bergman in contempt of an order of the same court, entered May 19, 1976, which modified the initial ex parte order entered herein appointing the temporary receivers and denying defendants Bernard Bergman and Park Crescent Nursing Home's cross motion to vacate the order entered May 19, 1976, unanimously reversed, on the law, without costs and disbursements, to the extent appealed from; the cross motion of said defendants to vacate the order entered May 19, 1976, is granted and the motion to hold defendant Bergman in contempt is denied; the matter is remanded for the purpose of fixing the fair and reasonable rental value of the premises. All proceedings pursuant to the order to be entered herein shall be stayed for 60 days from the date of entry of such order, except for an application to fix the fair and reasonable rental value and the receivers and their agents are to continue to act as heretofore granted in the order entered August 26, 1976 and the stipulation of the parties filed in this court on September 7, 1976. It is well recognized that "A mortgage clause under which the

mortgagor assigns rents, issues, and profits to the mortgagee, and which gives the mortgagee the right to enter the premises for the purpose of collecting rents and to let the premises, does not give the mortgagee complete control over the property. Rents and profits covered by the assignment of rents clause are part of the security to which the mortgagee is entitled to resort in the event of the mortgagor's default" (38 NY Jur, Mortgages and Deeds of Trust, § 128). Paragraph 13 of the mortgage provides, *inter alia,* that "the party of the second part grants to the party of the first part the right to enter upon the premises for the purpose of collecting the [rents, issues and profits of the premises] and to let the premises or any part there of * * * The party of the second part * * * in the event of any default under said mortgage will pay monthly in advance to the party of the first part, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the party of the second part, and upon default in any such payment will vacate and surrender the possession of said premises to the party of the first part or to such receiver, and in default thereof may be evicted by summary proceedings." Thus, by virtue of an express agreement the mortgagor can be required by the mortgagee to pay rent and it is not necessary for the mortgagee to demonstrate or the court to consider whether actual or conclusive fraud is present. Parenthetically, it is noted that the receivers were not appointed to take possession because the mortgagor was committing acts of waste or of detriment to the property thereby impairing the security of the property and of the debt. Consequently, under the circumstances herein, there was no basis on the merits for the order of the Supreme Court entered May 19, 1976 which modified the initial ex parte order appointing the receivers by further granting them authority to, *inter alia,* "take * * * the business conducted at said premises." Further, the order entered May 19, 1976, apart from consideration of the merits, is subject to criticism on procedural grounds as violative of CPLR 2221. Having determined that the order entered May 19, 1976 should be vacated, we also conclude that no basis exists for holding defendant Bergman in contempt for failing to obey its mandate as his conduct did not partake of the requisite degree of contumaciousness to warrant the drastic punishment of contempt. Relevant to defendant Bergman's argument that the vesting of the receivers with powers to enter upon the premises and to, in effect, operate the business contravenes the Public Health Law, we note that the Commissioner of Health of the State of New York may take whatever steps he deems necessary pursuant to the Public Health Law to protect the interests of the public during the 60-day stay of all proceedings from the date of entry of the order to be entered herein. A copy of the order herein should be served on the Commissioner of Health of the State of New York by the receivers within five days after entry thereof. Settle order on notice. Concur—Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.